UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-80915-CIV-SINGHAL

GINA BEHR,

    Plaintiff,

v.

JAMES UTHMEIER, *Florida Attorney General*,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

**THIS CAUSE** has come before the Court on a *sua sponte* review of the record. On July 22, 2025, Plaintiff filed her Complaint (DE [1]). The case was initially assigned to Magistrate Judge Bruce E. Reinhart. On August 8, 2025, Judge Reinhart issued a Report and Recommendation ("R&R"), advising that the Complaint (DE [1]) is a shotgun pleading and should be dismissed. (DE [5] at p. 2). Judge Reinhart's findings took the form of an R&R, because "Plaintiff has not yet been given an opportunity to be noticed of the opt-out procedures on Magistrate Judge Jurisdiction." *Id.* at p. 3. Hence, Judge Reinhart directed the Clerk of Court to assign a District Judge. No objections were filed by the August 22, 2025 deadline, and none have been filed as of today's date.

Federal Rule of Civil Procedure ("Rule") 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The opposite of a short and plain statement of the claim is what is known as a "shotgun" pleading. "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit

have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Shotgun pleadings make it "**virtually impossible to know which allegations of fact are intended to support which claim(s) for relief**." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)); *see also Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund, LLC*, 305 F.3d at 1295 n.9 ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay."); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.").

A shotgun pleading is subject to dismissal. "Before dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington v. Green*, 757 Fed. Appx. 796, 797 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)).

As Judge Reinhart noted, Plaintiff's Complaint "fails to give the Defendant adequate notice of the claims against him and the grounds upon which each claim rests." (DE [5] at p. 2). The Complaint does not feature sufficient factual matter; Plaintiff did not provide a statement of the facts. Additionally, even though Plaintiff includes several claims, she does not separate the claims and allegations into separate counts, while furnishing an appropriate factual basis for each. Rather, Plaintiff just lists multiple broad claims without adequate factual detail. *See* (DE [1] at p. 3, Section A). As Judge Reinhart observed, this does not give Defendant the requisite level of notice of Plaintiff's claims. (DE [5] at p. 2).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this Report and Recommendation (DE [6]) of the Magistrate Judge is **APPROVED AND ADOPTED.** Plaintiff's Complaint (DE [1]) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall file an amended complaint by **September 19, 2025**. Failure to do so will result in dismissal without prejudice of this matter and without further notice. Going forward, Plaintiff is encouraged to type materials submitted to the Court.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 4th day of September 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

cc: **Gina Behr**
740 E Ocean Ave
Boynton Beach, FL 33435
*PRO SE*